[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12821

Non-Argument Calendar

_____

KATHERINE M. RUDD,
individually, and as Co-trustee of the J.W. Goodwin
and Virginia M. Goodwin Grandchildren's Trust,
TIFFANY RUDD ATKINSON,
individually, and as Co-trustee of the J.W. Goodwin
and Virginia M. Goodwin Grandchildren's Trust,

                                        Plaintiffs-Appellants,

*versus*

BRANCH BANKING & TRUST COMPANY,
Co-trustee of the Joy Goodwin Adams Irrevocable Trust
dated 01/02/87 and the Joy Goodwin Adams Irrevocable
Trust dated 07/19/89,

2                    Opinion of the Court                    24-12821

Defendant-ThirdParty
Plaintiff-Appellee,

JOY G. ADAMS,

Defendant-ThirdParty
Defendant-Appellee,

WELLS FARGO BANK N.A.
in its corporate capacity and as Co-trustee of the
Joy Goodwin Adams Irrevocable Trust dated 01/02/87
and the J.W. Goodwin Marital Trust,

Defendant.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:13-cv-02016-SGC

————————————

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

This case arises out of a long-running dispute about the administration of a series of trusts. In the 1980s, J.W. Goodwin and

Virginia Goodwin created trusts, including the Joy Goodwin Rudd Trust Dated July 19, 1989 (the "1989 Trust") and the J.W. Goodwin and Virginia M. Goodwin Trust for Joy Goodwin Rudd Dated January 2, 1987 (the "Shares Trust"), to provide their daughter, Joy Adams, with distributions during her lifetime and with the remainder, as pertinent here, to go to her children. Two of Joy's children, appellants Katherine M. Rudd and Tiffany Rudd Atkinson (together, the "sisters"), alleged that the trustees of the 1989 Trust and the Shares Trust allowed Joy to drain each trust of most, if not all, of its assets and failed to provide them with annual accountings regarding each trust.

In this lawsuit, the sisters sued Branch Banking & Trust Company ("BB&T"), which served as a successor trustee for both trusts, bringing claims under Alabama law that BB&T breached its fiduciary duties in administering each trust. The district court granted summary judgment to BB&T, and the sisters appealed.

After the district court granted summary judgment, BB&T sought to recover from the 1989 Trust the attorney's fees and expenses it incurred in defending the sisters' claims related to that trust.[1] It sought the award pursuant to an Alabama statute that allows a trustee to be reimbursed out of trust property for "expenses that were properly incurred in the administration of the trust, including the defense or prosecution of any action, whether

---

[1] BB&T did not request an award for the fees and expenses it incurred in litigating claims related to the Shares Trust because that trust terminated in 2011 and had no tangible assets.

4                    Opinion of the Court                24-12821

successful or not, unless the trustee is determined to have willfully or wantonly committed a material breach of the trust." Ala. Code § 19-3B-709(a)(1). The sisters opposed the motion, arguing that BB&T was barred from receiving an award under the statute because it had wantonly committed a material breach of trust. According to the sisters, BB&T committed breaches of trust by failing to "ensure that annual audits were conducted and distributed to the beneficiaries" or to "redress the obvious and pervasive dilution of [the] trust corpus by the predecessor trustees." Doc. 216 at 8–9.[2]

The district court granted BB&T's motion for fees and expenses. It rejected the sisters' argument that BB&T was precluded from recovering fees and expenses under § 19-3B-709(a)(1). The court assumed it was possible that "a plaintiff's breach of fiduciary duty claim could fail because the plaintiff did not prove all elements of the claim and yet a trustee would not be entitled to attorneys' fees because the plaintiff . . . could prove the trustee committed a breach of trust willfully or wantonly." Doc. 229 at 11. It nevertheless concluded that BB&T committed no willful or wanton material breach of trust. It ultimately awarded BB&T $614,791.62 in attorney's fees and expenses, directing that the award would be "paid out of the 1989 Trust, to the extent the trust now or in the future holds assets from which the award may be satisfied in full or part." Id. at 20. The sisters appealed this order.

---

[2] "Doc." numbers refer to the district court's docket entries.

In this appeal, the sisters challenge the district court's order awarding BB&T fees and expenses.[3] They argue that BB&T was not entitled to an award under § 19-3B-709(a)(1) because it engaged in willful or wanton material breaches of trust. While this appeal was pending, we affirmed the district court's grant of summary judgment to BB&T on the sisters' breach of fiduciary duty claim, concluding that there was "no reversible error in the district court's grant of summary judgment for BB&T." *Rudd v. Branch Banking & Tr. Co.*, No. 23-12708, 2025 WL 1093330, at *1 (11th Cir. Apr. 9, 2025) (unpublished).

For purposes of this appeal, we assume, like the district court, that a plaintiff whose breach of fiduciary duty claim against a trustee does not survive summary judgment nevertheless may be able to establish that the trustee willfully or wantonly committed a material breach of trust and thus is not entitled to an award under § 19-3B-709(a)(1). Even with this assumption, we conclude that the district court properly awarded fees here. For the reasons given in the district court's well-reasoned order, we conclude that the sisters failed to establish that BB&T willfully or wantonly committed a material breach of trust. Accordingly, we affirm the district court's order.

---

[3] We review for abuse of discretion a district court's award of fees and expenses. *See Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1251 n.2 (11th Cir. 2020). But even under this standard of review, we "closely scrutinize questions of law decided by the district court in reaching the fee award." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 770 (11th Cir. 1991).

6                      Opinion of the Court                      24-12821

**AFFIRMED.**